BELOIT HOSPITAL, Appellant, vs. WARD, imp., Respondent.

*September 15—October 3, 1911.*

*Contracts: Subscription: Conveyance of land: Forfeiture: Recovery of amounts subscribed: Creditors' action: Equitable liens.*

1. It was agreed between the subscribers to a fund to purchase a hospital site and the corporation which was to establish and maintain the hospital, that if the corporation should fail to use the land for such purposes or should otherwise forfeit its rights therein the land should revert to the Archbishop to be used or conveyed to some other corporation for hospital purposes. This agreement was incorporated in the deed conveying the site to

the corporation first mentioned. That corporation afterwards abandoned the hospital and turned the property over to the grantor. Judgment was obtained against the corporation for the recovery of the amount of certain subscriptions and, execution thereon having been returned unsatisfied, a creditors' action was brought to subject the land to the lien of such judgment, it being alleged in effect that the title had passed from the judgment debtor by virtue of the provision in the deed for reversion. *Held,* that the action would not lie. If the judgment debtor did not forfeit the property it is subject to execution; and if, as alleged, it did forfeit it the title is where the parties agreed that it should go, and the land is not property of the debtor or held in trust for it.

2. No equitable lien against the hospital property for the money subscribed exists in such a case.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The complaint in this action alleges that on or about January 15, 1903, the Sisters of Mary, a corporation duly organized under the laws of the state of Wisconsin, circulated among the citizens of Beloit a subscription paper for the purpose of obtaining subscriptions to a fund to purchase a hospital site and building and to maintain and operate the same as a public hospital in said city, and that at the time said subscriptions were made and the subscribers signed said subscription paper and when they paid their subscriptions the defendant Sisters of Mary by its officers and agents told said subscribers that the fund so raised was to be used to purchase a hospital and to maintain and operate the same, and that each of said subscriptions and the payment thereof was made in consideration of the establishment and maintenance of a hospital in the city of Beloit; that approximately $4,000 was subscribed and collected by said Sisters of Mary and this amount was paid to the defendant *M. J. Ward* as the full purchase price of real estate to be used for hospital purposes. The property was conveyed by him to the Sisters of Mary by warranty deed, and it is alleged that the agreement between

the Sisters of Mary and the subscribers at the time the warranty deed was made was substantially incorporated in the deed, which agreement is as follows:

"That should the said corporation use the said premises for purposes other than those stated herein, or allow others to use them, or should the said corporation fail to use the said premises for such purposes as herein stated, or should the said corporation forfeit its rights to the same by any act or acts, or by neglecting or refusing to do any act or acts in accordance with the provisions of this deed, that the said premises shall revert to the said Archbishop (meaning the defendant Sebastian G. Messmer) or his successor in office, for the following purposes: To conduct a public hospital upon the same terms and conditions upon said premises, as is herein provided as to said corporation; to convey the same to any charitable corporation now existing or hereafter to be organized under the laws of the state of Wisconsin, and the laws of the Roman Catholic Church, for the purpose of conducting a hospital upon the same terms and conditions as hereinbefore provided."

That thereafter, on or about the 5th of July, 1908, the defendant Sisters of Mary abandoned the hospital and gave up their hospital work and turned the property over to the said defendant *M. J. Ward,* and the property has ever since ceased to be used for hospital purposes, but has been rented as residence property and is now in the possession of the defendant *M. J. Ward,* who rents the same and receives the income therefrom. The complaint further alleges on information and belief that demand has been made upon the defendant Rev. S. G. Messmer, Archbishop of Milwaukee, to carry out the provisions of said warranty deed and the agreement entered into with said subscribers and that no action has been taken by him in this regard; that said *M. J. Ward* has been requested to take such steps as are necessary to aid the subscribers to said hospital fund to recover the respective amounts subscribed, but that he refuses to comply with this request and has collected the rents and profits from said property and converted them to his own use and benefit and has

done other acts which plaintiff believes show his intention to acquire title to said premises. It is further alleged that the articles of association of said Sisters of Mary provide that "members of said corporation voluntarily withdrawing from said order or removing permanently from the state . . . shall cease to be members of said corporation," and that plaintiff is informed and believes that all of the incorporators of said defendant have permanently removed from the state and that there is no member of the corporation now a resident of the state. It is further alleged that A. C. Helm, E. C. Helm, D. R. Connell, Isaac Buckeridge, M. G. Spawn, W. J. Allen, W. F. Pechuman, H. G. Mills, H. A. Fynn, John Mehan, Cunningham Brothers, Frank H. Kemp, E. M. Van Delinder, F. W. Dupke, Blazer Brothers, W. C. Lour, W. J. Fitzgerald, Jr., W. J. Fitzgerald, Sr., and J. F. Ruch were among the subscribers to said fund and that they afterwards assigned all their right, title, and interest in and to said subscription fund to this plaintiff; that thereafter in an action brought in the circuit court for Rock county wherein the plaintiff herein was plaintiff and the defendant Sisters of Mary was defendant, judgment was rendered in favor of the plaintiff herein and against the Sisters of Mary for $1,201.95, the aggregate of the sums subscribed by the above named subscribers; that execution was issued out of said circuit court for Rock county, which county was said defendant's last known location, and that said execution was returned unsatisfied, and this action was brought to subject the premises in question to the lien of plaintiff's judgment against the Sisters of Mary, pursuant to the provisions of sec. 3029, Stats. (1898).

The defendant *M. J. Ward* interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against the defendant *Ward* or any of the defendants, and on the further ground that there was a defect of parties plaintiff and of parties defendant.

The court entered an order sustaining the demurrer to the complaint and this appeal is taken from such order.

The cause was submitted for the appellant on the brief of *Nolan, Adams & Reeder,* and for the respondent on that of *Jeffris, Mouat, Oestreich & Avery.*

BARNES, J.    This is a creditors' action brought to subject certain property to the lien of plaintiff's judgment, pursuant to the provisions of sec. 3029, Stats. (1898).    It is obvious that the court was right in sustaining the demurrer to the complaint.    If the title to the property did not pass from the Sisters of Mary then no action was necessary, because there is nothing to prevent the plaintiff from issuing execution on its judgment and levying upon and selling the property.    The complaint, however, in substance and effect alleges that the title has passed from the Sisters by virtue of the provision for reversion contained in the deed, which provision is embodied in the foregoing statement of facts.

Where the title now rests, assuming as alleged that it has passed from the Sisters, is immaterial to a decision of this case.    It is where the Sisters of Mary, the subscribers, and the grantor in the deed, *M. J. Ward,* agreed that it should be. The Sisters were not bound to maintain a hospital for any length of time under the agreement contained in the deed. They might abandon it at any time they saw fit, provided they were willing to suffer the penalty stipulated in the deed of conveyance.    All parties agreed as to just what disposition should be made of the property if the Sisters ceased to use it. They either forfeited it or they did not.    As before stated, if they did not forfeit the action is wholly unnecessary, and if they did this action will not lie.    Sec. 3029 provides:

"Whenever any execution against the property of any judgment debtor shall have been issued upon a judgment for the payment of money and shall have been returned unsatisfied in whole or in part the judgment creditor may commence an action against such judgment debtor and any other person to

compel the discovery of any property or thing in action belonging to such judgment debtor and of any property, money or thing in action due or held in trust for him, and to prevent. the transfer of any such property, money or other thing in action, or the payment or delivery thereof to such judgment debtor, except where such trust has been created by or the fund so held in trust has proceeded from some person other than the defendant himself."

Assuming the allegations of the complaint to be true, the real estate involved is not property belonging to the debtor or held in trust for it.   The action is not one to prevent the transfer of property held in trust for the judgment debtor to such debtor, because no claim is made that any one is about to make such transfer.   Neither is the action one to set aside a fraudulent transfer, because no fraud is alleged.   No violation of the final agreement with the subscribers is shown, and therefore no right of action is shown to recover back the money subscribed.   It is not alleged that the Archbishop consented to maintain the hospital if the Sisters failed to do so or that he has breached any obligation which he entered into. If there is any conflict between the two agreements between the subscribers and the Sisters of Mary, that last made and reduced to writing must prevail, and that specifically provided for the contingency that arose when the Sisters abandoned the hospital.

A considerable portion of respondent's brief is devoted to arguing the proposition that the complaint does not state a cause of action to enforce an equitable lien against the hospital property for money subscribed to build.it, and to the further point that in any event such lien did not pass with the assignment of the claims of the subscribers to the plaintiff. We do not understand that the appellant claims that the action is one to enforce an equitable lien.   That no such lien exists under the facts averred in the complaint is too plain to admit of doubt or to invite discussion.

*By the Court.*—Order affirmed.